# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YVETTE LYONS-GRAVES, | ) |
| | ) |
| Plaintiff, | ) Case No: 24-10522 |
| v. | ) |
| | ) |
| CHIME FINANCIAL, INC., | ) |
| THE BANCORP BANK, N.A., | ) |
| STRIDE BANK, N.A., and | ) |
| JOHN DOES 1 to 10, | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant, The Bancorp Bank, N.A. ("Bancorp"), by counsel, and pursuant to 28 U.S.C. §§ 1441 and 1446, while preserving any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal law of bankruptcy, and specifically preserving the right to demand arbitration pursuant to the parties contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., removes this action from the Superior Court of New Jersey. In support of this Notice of Removal, Defendant states:

### Background

1. On October 7, 2024, Plaintiff Yvette Lyons-Graves ("Plaintiff") filed a Complaint and Jury Demand in the Superior Court of New Jersey, Law Division,

Essex County, asserting that Defendants violated the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. §§ 1693, *et seq.,* and various state law claims.

2.  Bancorp was served with a Summons and copy of the Complaint on or about October 18, 2024. (Copies of the Summons and Complaint are attached as Exhibit 1.)

3.  The Summons and Complaint constitute "all process, pleadings, and orders served upon" Bancorp in this case. 28 U.S.C. § 1446(a).

4.  As of the time of filing this Notice of Removal, no other Defendant has been served.

## Timeliness of Removal

5.  Bancorp received notice of this action through service of the Summons and Complaint on October 18, 2024. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it has been less than 30 days since service.

## Removal Jurisdiction

6.  This action is properly removable under 28 U.S.C. § 1441(a) because this Court has original jurisdiction under 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.  Specifically, Plaintiff alleges that (i) Defendants violated EFTA "by failing to maintain adequate measures to prevent [unauthorized transactions from his

account], failing to make good faith investigations into the errors, failing to provisionally recredit during the investigations, failing to provide their explanation of its findings, and failing to provide all documentation they relied on to make their 'no error' finding," and (ii) that he sustained actual damages as a result of Defendants' conduct.

8. Moreover, Plaintiff's state law claims relate to and arise from the same events and circumstances that form the basis of her EFTA claim. Accordingly, this Court has supplemental jurisdiction over those claims as well. *See* 28 U.S.C. § 1367(a); *see also Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 785 (3d Cir. 1995) (a district court has supplemental jurisdiction over state law claims arising out of the same events and circumstances as the claim over which the court has jurisdiction under 28 U.S.C. § 1331).

9. Removal to this Court is proper as the United States District Court for the District of New Jersey embraces the Superior Court of New Jersey, Essex County, where the state court action was filed.

## Adoption and Preservation of Defenses

10. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Bancorp's rights to assert any defense or affirmative matter, including (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder

3

of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

### Notice to State Court

11. Pursuant to 28 U.S.C. § 1446(d), Bancorp is promptly providing written notice of its removal to Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Essex County.

12. Pursuant to Local Civ. Rule 5.1 and 28 U.S.C. § 1446, copies of all process, pleadings, orders, and other documents on file with the Superior Court, including completed civil cover sheet, are attached collectively as Exhibit 1.

WHEREFORE, The Bancorp Bank, N.A., respectfully requests that this action be removed from the Superior Court of New Jersey, Law Division, Essex County, to this Court.

Respectfully submitted,

THE BANCORP BANK, N.A.
/s/ James DiMaggio
James DiMaggio (N.J. No. 044492011)
STRADLEY, RONON, STEVENS & YOUNG, LLP
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002
T: (856) 321-2412
E: jdimaggio@stradley.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 15, 2024, I electronically filed the foregoing **Notice of Removal** with the Clerk of the Court by using the CM/ECF system and sent the same via USPS First Class mail to the following party:

Kim Law Firm LLC
411 Hackensack Ave., STE 701
Hackensack, NJ 07601
*Attorneys for Plaintiff*

                                                   */s/ James DiMaggio*
                                                   James DiMaggio