# EXHIBIT A

Yongmoon Kim – 026122011
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff*

| | |
|---|---|
| YVETTE LYONS-GRAVES,<br><br>             Plaintiff,<br><br>vs.<br><br>CHIME FINANCIAL, INC.,<br>THE BANCORP BANK, N.A.,<br>STRIDE BANK, N.A., and<br>JOHN DOES 1 to 10,<br><br>           Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>Docket No. ESX-L-_____<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Yvette Lyons-Graves, residing in New Jersey, by way of Complaint against

Defendants Chime Financial, Inc., The Bancorp Bank, N.A., and Stride Bank N.A. states:

## I.  NATURE OF THE ACTION

1. This action for damages arises from The Bancorp Bank, N.A.'s ("Bancorp"),

Stride Bank, N.A.'s ("Stride"), and their agent Chime Financial, Inc.'s ("Chime") violations of

the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA"). The EFTA establishes the

basic rights, liabilities, and responsibilities of consumers who use electronic fund transfer

services and the financial institutions that offer those services. The primary objective of the

EFTA is to protect individual consumers engaging in electronic fund transfers.

2. As described more fully below, the Defendants' conduct failed to comply with the

EFTA where Plaintiff informed Defendants of multiple unauthorized transactions/errors, failed

to maintain adequate measures to prevent such errors, failed to make good faith investigations

into the errors, failed to provisionally recredit during the investigations, failed to provide their explanation of its findings, and Defendants failed to provide all documentation they relied on to make their "no error" finding.

3.      Despite Chime's advertised focus on security, Chime failed to safeguard its customers' accounts and funds. Chime allowed unauthorized third parties to access and utilize Plaintiff's checking account funds. Chime refused to investigate the unauthorized transactions in good faith,

4.      Plaintiff now brings this action to receive compensation for the losses incurred as a result of Defendants' violations of the Electronic Funds Transfer Act ("EFTA") and restitution for the stolen money and other harms caused by the fraudulent transactions and Defendants' unlawful conduct following the fraudulent transactions.

5.      Plaintiff also seeks treble damages under the New Jersey Consumer Fraud Act.

## II.      JURISDICTION AND VENUE

6.      This Court has jurisdiction to entertain this matter.

7.      Venue in this action is proper in Essex County because Defendant regularly conducts business here.

## III.      PARTIES

8.      Plaintiff Yvette Lyons-Graves ("Plaintiff" or "Lyons-Graves") is a natural person residing in Mercer County, New Jersey.

9.      Defendant Bancorp is a national banking association, with a principal address at 345 North Reid Plaintiff, Sioux Falls, South Dakota 57103, that conducts business in the State of New Jersey and avails itself of the laws of the State.

10.     Defendant Bancorp is a "person" as defined by 12 CFR § 205.2(j), which includes any "natural personal or an organization, including a corporation, government agency, estate, trust, partnership, proprietorship, cooperative, or association."

11.     Defendant Bancorp is also a "financial institution" as defined under 12 CFR § 205.2(i), which includes "a bank, savings association, credit union, or any other person that directly or indirectly holds an account belonging to a consumer, or that issues an access device and agrees with a consumer to provide electronic fund transfer services."

12.     Defendant Stride is a national banking association, with a principal address at 324 West Broadway Avenue Enid, Oklahoma, 73701, that conducts business in the State of New Jersey and avails itself of the laws of the State.

13.     Defendant Stride is a "person" as defined by 12 CFR § 205.2(j), which includes any "natural personal or an organization, including a corporation, government agency, estate, trust, partnership, proprietorship, cooperative, or association."

14.     Defendant Stride is also a "financial institution" as defined under 12 CFR § 205.2(i), which includes "a bank, savings association, credit union, or any other person that directly or indirectly holds an account belonging to a consumer, or that issues an access device and agrees with a consumer to provide electronic fund transfer services."

15.     Defendant Chime is a "person" as defined by 12 CFR § 205.2(j), which includes any "natural personal or an organization, including a corporation, government agency, estate, trust, partnership, proprietorship, cooperative, or association."

16.     Defendant Chime is also a "financial institution" as defined under 12 CFR § 205.2(i), which includes "a bank, savings association, credit union, or any other person that

directly or indirectly holds an account belonging to a consumer, or that issues an access device and agrees with a consumer to provide electronic fund transfer services."

17.     Chime partners with national banking associations like Bancorp and acts as Bancorp's agent or in concert with Bancorp. Thus, all allegations against Chime apply to Bancorp.

18.     Some or all of John Does 1-10 set the policies and practices complained of herein.

19.     Some or all of John Does 1-10 were actively engaged in the practices complained of herein.

20.     In this pleading, "Defendants" in the plural refers to all Defendants and "Bank Defendants" refers to Bancorp and Stride collectively.

## IV.   FACTS

### A. The Deposit Account

21.     Chime advertises that it was founded to be "a different type of company that puts everyday people first" and that they are "member-obsessed" in that they obsess "over the needs" of their customers.[1]

22.     Ms. Lyons-Graves opened a bank account with Chime for personal purposes. Ms. Lyons-Graves received her paycheck into that account via direct deposit.

23.     Chime is a financial technology company that partners with national banks, like Bancorp and Stride, to provide banking services to consumers.

24.     Plaintiff's Chime account is an "Account" under the EFTA, defined as "a demand deposit (checking), savings, or other consumer asset account (other than an occasional or

---

[1] https://chime.com/chime-financial/ (last visited October 3, 2024)

incidental credit balance in a credit plan) held directly or indirectly by a financial institution and established primarily for personal, family, or household purposes." 12 C.F.R. § 205.2(b)(1).

25.     Plaintiff felt comfortable opening an account with Chime, as their effective advertisements depict Chime as having a customer-first approach that prioritizes the needs and security of the customer.

26.     Chime claims to "take security seriously" and that it works hard to protect your information, such as by using encryption and other measures to help safeguard your money and data."[2]

27.     In the Electronic Fund Transfer Terms and Conditions ("EFT Terms"), Chime agreed to conduct an investigation of unauthorized transactions, upon notice from Plaintiff, and provide a written explanation if Chime decides "that there was no error." The EFT Terms also stated that Plaintiff may ask for copies relied upon by Defendant in their investigation.[3]

**B. The Fraud Begins**

28.     On or about October 5, 2023, Defendants allowed unauthorized third-parties to either gain access to Plaintiff's Account and use approximately $2,521.50 of her funds or transfer funds from the Account.

29.     Plaintiff never approved these transactions made from her Account.

30.     On October 5, 2023, Plaintiff received an email notifying Plaintiff that a "Pay Anyone Transfer" was sent from Plaintiff's account to an "Alan W." in the amount of $21.50.

31.     On October 5, 2023, Plaintiff received another email notifying Plaintiff that a "Pay Anyone Transfer" was sent from Plaintiff's account to a "Randy G." in the amount of $2,500.00.

---

[2] https://www.chime.com/security-and-control/.
[3] https://www.chime.com/policies/bancorp/electronic-fund-transfer-terms-conditions-for-safer-credit-building/.

32.     Plaintiff did not approve this "Pay Anyone" transaction made from her account.

33.     Ms. Lyons-Graves never approved these transactions made from the Account.

**C.  Chime Refuses to Help**

34.     Plaintiff immediately called Chime regarding the unauthorized transactions made to her Account.

35.     At first, it appeared that Chime was going to operate in good faith in assessing and working to mitigate the theft of Plaintiff's funds.

36.     Chime told Plaintiff to dispute the transaction.

37.     Consistent with Chime's instructions, Plaintiff submitted a dispute online on or around October 5, 2023, at 1:51 pm.

38.     On October 6, 2023, less than 24 hours later, Chime stated that based on their investigation, Chime "concluded no error occurred" and that Plaintiff may request a copy of the documents used in making Chime's determination.

39.     However, Chime never provided its findings or the basis for its determination.

40.     On October 11, 2023, Plaintiff submitted another dispute, rebutting Defendant's determination.

41.     However, on October 11, 2023, that same day, Defendant closed Plaintiff's dispute, again stating no error occurred and that Plaintiff may request a copy of the documents used in making Chime's determination. Defendant provided no basis for its determination.

42.     On October 12, 2023, Plaintiff filed an online complaint with the Consumer Financial Protection Bureau ("CFPB").

43.     On October 16, 2023, Plaintiff submitted another dispute to Chime regarding the unauthorized transactions.

44.     However, once again, Defendant closed the dispute October 17, 2023, the next day, and stated no error occurred and that Plaintiff may request a copy of the documents used in making Chime's determination. Defendant provided no basis for its determination.

45.     On October 20, 2023, Plaintiff sent a signed letter to Chime, via mail and email, requesting a copy of the documents Chime used in making its determination that no fraud occurred as Plaintiff is entitled to according to her agreement with Chime and federal law.

46.     Chime never answered Plaintiff's request for documentation despite its legal obligation to do so.

**D.  The Aftermath**

47.     Since the theft of the Account funds and Defendant's denial of Plaintiff's claims Ms. Lyons-Graves has suffered from depression, stress, anxiety, and a sense of helplessness.

48.     These events have caused Ms. Lyons-Graves to lose countless hours of sleep and has been forced to constantly worry about her financial stability and the safety of her savings.

49.     These events have also caused a significant drain on Ms. Lyons-Graves emotional wellbeing, spare time, and resources.

50.     Since the theft, Ms. Lyons-Graves has been forced to worry about her finances and how she will be able to afford her necessary medications, food, car payment, rent, and other essentials, and forced Plaintiff to borrow money from friends and family to cover those expenses.

**V.   NOTICE OF POTENTIAL CLASS ACTION AMENDMENT**

51.     If discovery and further investigation reveals this matter is suitable for class action treatment, Plaintiff provides notice to Defendants that he may amend the Complaint to make class allegations and propose the below class definitions. Plaintiff may also modify,

narrow, or expand the following class definitions at the time Plaintiff amends the Complaint or

moves for class certification.

> **Class**: All persons with a Chime, Stride, and/or Bancorp account who disputed an error from October 7, 2018, through and including the final resolution of this case.

>> **Subclass**: All persons with a Chime, Stride, and/or Bancorp account, where the person submitted a notice (either verbal or written) of an error on the account:

>>> (1) where the alleged error was not investigated;
>>> (2) who were not provided provision credit during the investigation;
>>> (3) who were not provided with the findings of the investigation; or
>>> (4) who were not provided with documents relied upon to conclude no error occurred

> during the period beginning October 7, 2023, through and including the final resolution of this case.

## VI.    COUNT I
### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

52.    Plaintiff reasserts and incorporates herein the allegations contained in the preceding paragraphs.

53.    Plaintiff contracted with Chime for bank account services.

54.    The contract entered into by the parties, including Chime's EFT terms requiring Defendant Chime to investigate unauthorized transactions reported by Plaintiff, contains an implied covenant of good faith and fair dealing, by which the parties are implicitly bound to engage with each other in a manner that is fair and honest.

55.    Plaintiff discharged their duty of good faith under the contract by timely notifying Chime of the unauthorized nature of the transactions and providing Chime with all materials and information necessary to properly investigate the transactions.

56.     At all times material to this matter, Plaintiff operated in good faith as to their relationship with Chime.

57.     Chime, in contrast, acted towards Plaintiff in a manner that was opaque, dishonest, and self-serving, at a level sufficient to breach the implied duty of good faith and fair dealing.

58.     Chime acted with bad intentions and engaged in deception and invasion in its handling of the fraudulent transactions.

59.     Chime breached its duty to operate in good faith and deal fairly by:

   a.   Failing to take affirmative action to prevent theft of Plaintiff's funds;

   b.   Failing to take affirmative action to prevent further theft of Plaintiff's funds;

   c.   Failing to investigate the theft with diligence;

   d.   Failing to engage in good faith with Plaintiff's efforts to investigate and remedy the theft of the Account funds;

   e.   Failing to provide Plaintiff with a reasonable explanation as to the denial of Plaintiff's fraud claim; and

   f.   Failing to provide Plaintiff with the documentation underlying its denial their fraud claim.

60.     Chime's breach of this duty caused Plaintiff to suffer the damages outlined in this Complaint.

   **WHEREFORE**, as to Count One, Plaintiff hereby requests a Judgment against Defendants,

   a.   For compensatory damages including actual damages, economic damages, and emotional damages, based on Defendants' false misrepresentations and Plaintiff's resulting reliance and damages;

   b.   For punitive damages based on Defendants' false misrepresentations and Plaintiff's resulting reliance and damages;

   c.   For attorney's fees, litigation expenses and costs in connection with this action;

d. For pre-judgment and post-judgment interest; and

e. For such other and further relief as the Court deems equitable and just.

## VII.   COUNT II
### BREACH OF FIDUCIARY DUTY

61. Plaintiff repeats and realleges the allegations of the prior paragraphs.

62. Chime is entrusted with sole control of the disbursement of the funds in Plaintiff's Accounts and is afforded discretion in exercising that control.

63. By failing to either properly investigate the fraudulent transactions or reimburse Plaintiff for the stolen funds, and by failing to provide a reasonable explanation or support for making its determination, Chime exercised its discretion in an arbitrary manner that serves to further its own interests over that of Plaintiff.

64. In doing so, Chime breached its fiduciary duty to Plaintiff.

65. Chime's breach of this duty caused Plaintiff to suffer the damages outlined in this Complaint.

**WHEREFORE**, as to Count Two, Plaintiff hereby requests a Judgment against Defendants,

a. For compensatory damages including actual damages, economic damages, and emotional damages;

b. For punitive damages;

c. For attorney's fees, litigation expenses and costs in connection with this action;

d. For pre-judgment and post-judgment interest; and

e. For such other and further relief as the Court deems equitable and just.

## VIII.   COUNT III
### VIOLATIONS OF THE NEW JERSEY CONSUMER FRAUD ACT

66.    Plaintiff reasserts and incorporates herein the allegations contained in the preceding paragraphs.

67.    Defendant Chime is a "person" within the meaning of the Consumer Fraud Act ("CFA") at N.J.S.A. 56:8-1.

68.    Plaintiff is a "consumer[]" and the transaction sought to be enforced by the Defendant involved "merchandise," within the meaning of the CFA at N.J.S.A. 56:8-1.

69.    Defendant engaged in unconscionable commercial practices, deception, fraud, false promises, false pretenses and/or misrepresentations in connection with the sale of merchandise in violation of the CFA at N.J.S.A. 56:8-2.

70.    Defendant engaged in unconscionable commercial practices, deception, fraud, false promises, false pretenses and/or misrepresentations by failing to conduct a proper investigation and fraudulently determining that transactions did not qualify for reimbursement, thereby depriving Plaintiff of their funds, and by offering products and services with the promise that the products and services are secure but then failing to adequately safeguard its customers merchandise in violation of the CFA at N.J.S.A. 56:8-2.

71.    Plaintiff suffered an ascertainable loss in the form of monies lost from the Account.

72.    Defendant Chime committed unconscionable commercial practices, deception, fraud, false promises, false pretenses and/or misrepresentations in direct violation of the CFA at N.J.S.A. 56:8-2 by:

    a.  Misrepresenting the adequacy of their security, account confirmation, and account creation systems;

    b.  Charging fees, which presumably include costs associated with the provision of account security services;

  c. Allowing unauthorized third-party hackers and cybercriminals to gain access to its customer's accounts and funds;

  d. Allowing unauthorized third-parties to take its customer's accounts and funds;

  e. Allowing unauthorized third-party hackers and cybercriminals to fraudulently utilize funds contained within Plaintiff's accounts

  f. Failing to adequately safeguard its customers' accounts and funds

  g. Failing to investigate the unauthorized transactions in good faith

  h. Failing to return monies taken via unauthorized transactions to its customers; and

  i. Failing to provide Plaintiff with documentation related to the investigation when asked to do so.

73. As a result of Defendant Chime's unlawful actions and accompanying CFA violations, Plaintiff suffered ascertainable loss, entitling her to treble damages under the CFA, at N.J.S.A. 56:8-19.  The ascertainable losses subject to trebling are the economic and non-economic damages including emotional distress described in the Facts section of this Complaint and incorporated herein by reference.

**WHEREFORE**, as to Count Three, Plaintiff hereby requests a Judgment against Defendants, jointly and severally,

  a. Awarding treble damages to Plaintiff under the CFA, at N.J.S.A. 56:8-19;

  b. Granting a permanent injunction against the Defendants, pursuant to the CFA, at N.J.S.A. 56:8-19, prohibiting them from taking back any credits after failing to conduct good faith investigations and/or provide documentation of their investigation;

  c. Directing the Defendants to provide equitable notice relief pursuant to the CFA, providing of the declaratory and injunctive ruling;

  d. Awarding Plaintiff's counsel reasonable attorneys' fees and costs under the CFA, at N.J.S.A. 56:8-19;

  e. For pre-judgment and post-judgment interest; and

  f. For such other and further relief as the Court deems equitable and just.

## IX.     COUNT IV
### BREACH OF CONTRACT

74.     Plaintiff reasserts and incorporates herein the allegations contained in the preceding paragraphs.

75.     Under the EFT Terms, Defendant promised Plaintiff that it would conduct an investigation of unauthorized transactions, upon notice from Plaintiff, and provide a written explanation if Chime decides "that there was no error." The EFT Terms also stated that Plaintiff may ask for copies relied upon by Defendant in their investigation. However, Chime did not conduct a proper investigation, provide a written explanation, or provide copies relied upon by Defendant in their investigation.

76.     Due to the nature of the transactions, Chime was contractually required to reimburse Plaintiff for the unauthorized transactions at issue.

77.      Defendant in bad faith, failed to reimburse Plaintiff.

78.     Failure to reimburse Plaintiff constituted a willful and malicious material breach of contract.

79.     Because of Defendant's breach, Plaintiff suffered losses stated throughout this Complaint.

**WHEREFORE**, as to Count Four, Plaintiff hereby requests a Judgment against Defendant,

a.   For compensatory damages including actual damages, economic damages, and emotional damages, based on Defendants' breach of contract and Plaintiff's resulting damages;

b.   For punitive damages based on Defendants' malicious breach that disregarded Plaintiff's rights;

c.   For attorney's fees, litigation expenses and costs in connection with this action;

    d.   For pre-judgment and post-judgment interest; and

    e.   For such other and further relief as the Court deems equitable and just.

**X.    COUNT V**
**F**RAUD

80.    Plaintiff reasserts and incorporates herein the allegations contained in the preceding paragraphs.

81.    Defendants made misrepresentations by promising to Plaintiff through the Electronic Fund Transfer Terms and Conditions ("EFT Terms"), that Chime would conduct an investigation of unauthorized transactions, upon notice from Plaintiff, and provide a written explanation if Chime decides "that there was no error." The EFT Terms also state that Plaintiff may ask for copies relied upon by Defendant in their investigation

82.    However, Defendant never intended to keep those promises, but instead, conclusively state, without evidence, that unauthorized transactions were actually authorized.

83.    Defendant falsely and incorrectly presented to Plaintiff that under their Visa Zero Liability policy, cardholders will not be responsible for unauthorized charges.

84.    Defendant negligently, without reasonable care, made such representations when their systems are insufficient to prevent fraud and their investigation process is likewise insufficient and incapable of determining whether transactions are fraudulent under the EFT Terms.

85.    Alternatively, Defendant knew that its process for determining whether a transaction qualified as fraudulent was arbitrary, opaque, inconsistent, unfair, deceptive, and, in effect, unappealable. Thus, the Defendant knew that its promise to investigate and provide an explanation of their determination to Plaintiff for any fraud was a false misrepresentation.

86.    Defendant knew Plaintiff would rely on those statements in the EFT Terms that

provide Plaintiff with a sense of reassurance in case fraud occurs.

87.     Plaintiff reasonably relied on Chime's statements in the EFT Terms assuring Plaintiff they would be entitled to an investigation when they report instances of fraud in their Accounts.

88.     Plaintiff suffered damages as a result of relying on Defendant's fraudulent misrepresentations.

89.     Defendant made misrepresentations by promising, through the EFT Terms and website statements, that the products and services are secure but then failed to adequately safeguard its customer's merchandise.

90.     Defendant knew that the Plaintiff would rely on its statements on the EFT Terms and website regarding safety and security to decide whether to open a bank account with Chime and have their assets secure.

91.     Plaintiff relied on Chime's statements on the EFT Terms and Chime website ensuring the safety of their financial assets.

92.     Plaintiff suffered damages outlined in this Complaint as a consequence of Defendant's material misrepresentation.

**WHEREFORE**, as to Count Five, Plaintiff hereby requests a Judgment against Defendant,

   a.   For compensatory damages including actual damages, economic damages, and emotional damages, based on Defendants' false misrepresentations and Plaintiff's resulting reliance and damages;

   b.   For punitive damages based on Defendants' false misrepresentations and Plaintiff's resulting reliance and damages;

   c.   For attorney's fees, litigation expenses and costs in connection with this action;

   d.   For pre-judgment and post-judgment interest; and

e.   For such other and further relief as the Court deems equitable and just.

## XI.   COUNT VI
### NEGLIGENT MISREPRESENTATION

93.   Plaintiff reassert and incorporate herein the allegations contained in the preceding paragraphs

94.   Defendant falsely and incorrectly presented to Plaintiff that the products and services were safe and secure and that they would not be held responsible should they be victims of fraudulent transactions.

95.   Defendant negligently, without reasonable care, made such representations when their systems are insufficient to prevent fraud and their investigation process is likewise insufficient and incapable of determining whether transactions are fraudulent under the EFT Terms.

96.   Plaintiff entrusted their financial assets to Chime because Chime represented that they would ensure the safety of Plaintiff's funds, and that Chime would reimburse them for unauthorized transactions.

97.   Plaintiff relied on Chime's statements on the EFT Terms and Chime website ensuring the safety of their financial assets.

98.   Plaintiff suffered damages outlined in this Complaint because of that reliance.

**WHEREFORE**, as to Count Six, Plaintiff hereby requests a Judgment against Defendant,

a.   For compensatory damages including actual damages, economic damages, and emotional damages, based on Defendants' false misrepresentations and the Plaintiff's resulting reliance and damages;

b.   For punitive damages based on Defendants' false misrepresentations and the Plaintiff's resulting reliance and damages;

c.  For attorney's fees, litigation expenses and costs in connection with this action;

d.  For pre-judgment and post-judgment interest; and

e.  For such other and further relief as the Court deems equitable and just.

## XII.    COUNT VII
### VIOLATIONS OF THE ELECTRONIC FUND TRANSFER ACT

99.    Plaintiff reasserts and incorporates herein the allegations contained in the preceding paragraphs.

100.    Ms. Lyons-Graves is a "consumer" as defined by 12 CFR § 205.2(e) because she is a "natural persons."

101.    Plaintiff's account with Chime Financial, Inc.'s is an "Account" as defined by 12 CFR § 205.2(b).

102.    Plaintiff's account with Bancorp Bank, N.A.'s is an "Account" as defined by 12 CFR § 205.2(b).

103.    Plaintiff's account with Stride Bank, N.A.'s is an "Account" as defined by 12 CFR § 205.2(b).

104.    None of the exceptions to "unauthorized electronic fund transfer" applies.

105.    Under the EFTA, an "unauthorized electronic fund transfer" is "an electronic fund transfer from a consumer's account initiated by a person other than the consumer without actual authority to initiate such transfer and from which the consumer receives no benefit." 15 U.S.C. §1693a(12); 12 C.F.R. § 205.2(m).

106.    Upon receiving notice under 15 U.S.C. § 1693f(d), Defendants were required under law to ". . . upon request of the consumer to promptly deliver or mail to the consumer reproductions of all documents which the financial institution relied on to conclude that such error did not occur."

107.    On October 5, 2023, Ms. Lyons-Graves notified Defendant via Defendant's website of an error (the unauthorized transfer) on the Plaintiff's account. Claim # 11670314.

108.    On October 6, 2023, Defendants respond stating no error has occurred.

109.     On or around October 20, 2023, Ms. Lyons- Graves notified Chime via email and Regular Mail, of her request for documentation of all the documents Defendants relied upon in the investigation and in denying the dispute, pursuant to 15 U.S.C. § 1693f.

110.    Plaintiff's requests for documentation were successfully delivered. Defendants never answered.

111.    To this date, Defendants have not responded nor have provided all documentation relied upon in denying Plaintiff's dispute despite Plaintiff requesting said documents.

112.    Due to the nature of the transactions, Chime was contractually required to reimburse Plaintiff for the unauthorized transactions at issue.

113.    Thereby, Defendants violated the EFTA, where Plaintiff informed Defendants of multiple unauthorized transactions/errors, by failing to maintain adequate measures to prevent such errors, failing to make good faith investigations into the errors, failing to provisionally recredit during the investigations, failing to provide their explanation of its findings, and failing to provide all documentation they relied on to make their "no error" finding.

114.    Because of Defendant's breach, Plaintiff suffered losses stated throughout this Complaint.

**WHEREFORE**, as to Count Seven, Plaintiff hereby requests a Judgment against Defendant,

   a.  For compensatory damages including actual damages, economic damages, and emotional damages, based on Defendants' false misrepresentations and the Plaintiff's resulting reliance and damages;

    **b.** For punitive damages based on Defendants' false misrepresentations and the Plaintiff's resulting reliance and damages;

    **c.** For attorney's fees, litigation expenses and costs in connection with this action;

    **d.** For pre-judgment and post-judgment interest; and

    **e.** For such other and further relief as the Court deems equitable and just.

**XIII.    COUNT VIII**
**UNJUST ENRICHMENT AND DISGORGEMENT**

115.    Plaintiff reasserts and incorporates herein the allegations contained in the preceding paragraphs.

116.    Defendants have been unjustly enriched by the fees and funds that they have received from Plaintiff.

117.    The funds collected by Defendants conferred a benefit on Defendants.

118.    Defendants know that they received a benefit by receiving funds from Plaintiff.

119.    Defendants' retention of the benefits conferred on them based on unlawful acts is unjust.

120.    Defendants should be ordered to disgorge and/or provide restitution to Plaintiff.

121.    The disgorgement or restitution should include any profits or other benefits enjoyed by the Defendants as a result of the seizure and acceptance of the Plaintiff's exempt and protected funds

**WHEREFORE**, as to Count Eight, Plaintiff hereby requests a Judgment against Defendant,

    **a.** For compensatory damages including actual damages, economic damages, and emotional damages, based on Defendants' false misrepresentations and the Plaintiff'a resulting reliance and damages;

    **b.** For punitive damages based on Defendants' false misrepresentations and the Plaintiff's resulting reliance and damages;

   **c.**   For attorney's fees, litigation expenses and costs in connection with this action;

   **d.**   For pre-judgment and post-judgment interest; and

   **e.**   For such other and further relief as the Court deems equitable and just.

### XIV.   JURY DEMAND

Plaintiff demand trial by jury as to all claims and defenses.

### XV.   DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designate Yongmoon Kim of the Kim Law Firm LLC as trial counsel in this matter.

### XVI.   CERTIFICATION

I hereby certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with *R.* 1:38-7(b). I further certify that the causes alleged herein are not the subject of any other action pending in any Court or arbitration proceeding. Furthermore, at this time, joinder of any additional parties is not necessary or anticipated to be necessary in the future.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                KIM LAW FIRM LLC

                                */s/ Yongmoon Kim*
                                Yongmoon Kim, Esq.
                                *Attorneys for Plaintiff*

Dated: October 7, 2024

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-006920-24

**Case Caption:** LYONS-GRAVES YVETTE  VS CHIME FINANCIAL, INC .

**Case Initiation Date:** 10/07/2024

**Attorney Name:** YONGMOON KIM

**Firm Name:** KIM LAW FIRM LLC

**Address:** 411 HACKENSACK AVE STE 701 HACKENSACK NJ 07601

**Phone:** 2012737117

**Name of Party:** PLAINTIFF : Lyons-Graves, Yvette

**Name of Defendant's Primary Insurance Company** (if known): Unknown

**Case Type:** OTHER Electronic Fund Transfer Act

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Yvette Lyons-Graves?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
        **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
        **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** YES
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/07/2024
Dated

/s/ YONGMOON KIM
Signed